UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cr-00251-TWP-MJD |
| ) | |
| JUAN ZAMUDIO, ) | -02 |
| ADRIAN BENNETT ) | |
| a/k/a BLACK, ) | -08 |
| ) | |
| Defendants. ) | |

**ORDER GRANTING GOVERNMENT'S MOTION IN *LIMINE*** 

Pending before the Court is a Motion in *Limine* ([Filing No. 994](#)) filed by Plaintiff United States of America (the "Government"), concerning the designation of expert witnesses during trial; Defendant Adrian Bennett's ("Bennett") prior convictions as appropriate cross-examination under Rule 609; preclusion of references by Bennett on possible penalties; and the admission of wiretap transcripts. For the reasons explained below, the Court **grants** the majority of the motions in *limine,* but takes one matter **under advisement**.

## I.   LEGAL STANDARD

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Government has filed a Motion in *Limine* requesting that the Court address certain matters that are capable of resolution prior to trial. The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not

necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.  DISCUSSION

The Government has identified four matters for pretrial rulings by the Court. The Court notes that Bennett, who is representing himself, has not responded to the motion. The Court will address each matter in turn and will allow Bennett an opportunity to address the rulings at the upcoming final pretrial conference.

### A.  Designation of Expert Witnesses

The Government explains that this Court—along with the other courts in this District—has historically followed a practice whereby it has declined to designate witnesses providing expert opinion testimony under Federal Rule of Evidence 702 as "expert witnesses" before the jury. The Government asserts that, in light of a recent Seventh Circuit ruling,[1] it believes the Court should change this practice and allow all witnesses testifying pursuant to Rule 702 to be referred to as "expert witnesses" before the jury and for the Court to designate these witnesses as such. The Court agrees. Bennett has not objected to the Government's Motion in *Limine* requesting that the Court designate witnesses providing expert opinion testimony under Rule 702 as "expert witnesses" before the jury. In light of the recent guidance from the Seventh Circuit, the Court **grants** the Government's Motion in *Limine* and will designate witnesses providing expert opinion testimony under Rule 702 as "expert witnesses" before the jury.

---

[1] *See United States v. Tingle*, 880 F.3d 850, 853–54 (7th Cir. 2018).

B.     **Impeachment Pursuant to Rule 609**

The Government proffers that Bennett has sustained the following prior felony convictions: November 26, 2014, Possession of Hash Oil/Marijuana, Hancock Circuit Court, Indiana; April 11, 2013, Unlawful Possession of a Firearm by a Previously Convicted Felon, Hancock Circuit Court, Indiana; and, May 14, 2009, Dealing in Cocaine, Marion County Court, Indiana. Bennett is charged at Count Nine with being a previously convicted felon in possession of a firearm; accordingly, the Government is obligated to prove Bennett is a previously convicted felon. The Government anticipates offering evidence of Bennett's prior felony conviction(s) in its case in chief, because Bennett has declined to enter into a stipulation regarding his status as a previously convicted felon. However, the Court notes that the introduction of all three felony convictions may not be appropriate.

In addition, the Government contends that, pursuant to Federal Rule of Evidence 609, Bennett's prior felony convictions are the proper subject of cross-examination should Bennett testify at his trial. Federal Rule of Evidence 609 allows the admission of evidence of prior criminal convictions when used to impeach a witness, but different standards apply depending on whether the prior conviction is more or less than ten years old. Rule 609 states that when attacking a witness's truthfulness, "evidence of a criminal conviction . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E. 609(a)(1)(B). So, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect. A limiting instruction which tells the jury that the prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

The Government asserts that Bennett's three prior criminal convictions fall within the ten-year lookback period; however, the Government does not provide any argument as to whether the criminal convictions' probative value outweighs their prejudicial effects. In weighing the probative value against prejudice, the Court considers "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997). The Court takes this request **under advisement** and the Government should be prepared to present argument on this issue at the final pretrial conference scheduled for September 10, 2018.

C.      **Defendant Should Be Precluded From Referencing the Potential Penalty**

Bennett is charged in Count One with Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine and Cocaine (upon conviction, sentence is mandatory life); and in Count Nine with Felon in Possession of a Firearm (upon conviction, maximum custodial sentence is ten years). The Government requests that the Court order Bennett not to disclose or discuss these penalties to the jury or to the jury venire during the jury selection process.

In a federal criminal prosecution, the jury's sole function is to determine guilt or innocence. The punishment provided by law upon conviction of a criminal violation is a matter exclusively in the province of the Court and should never be considered by the jury in any manner in arriving at their verdict as to guilt or innocence. *See, e.g., Beavers v. Lockhart*, 755 F.2d 657, 662 (8th Cir. 1985) ("Historically, the duty of imposing sentence has been vested in trial judges….") (citing *United States v. Hartford*, 489 F.2d 652, 654 (5th Cir. 1974). *See also* Pattern Criminal Jury Instructions Seventh Circuit No. 4.08 (2012). The Court agrees that evidence regarding punishment or the effects of a conviction is irrelevant and inadmissible before the jury.

4

The Court **grants** the Government's Motion in *Limine* and will instruct Bennett that he may not disclose or discuss the potential penalties that he faces during jury selection or during trial. This ruling does not prohibit Bennett from discussing the potential penalties of any cooperating witnesses who have entered into plea agreements in exchange for their testimony.

### D. Admission of Wiretap Transcripts

The Government intends to offer audio files from approximately twenty-one telephone calls that were intercepted pursuant to Court authorized wiretaps. The majority of these calls are in English; however, some of the calls (and several of the text messages, of which there are approximately thirty to be introduced into evidence) are in the Spanish language. The Government requests a ruling to allow the admission of transcripts to aid the jury when the recordings are played to the jury. As proposed by the Government, the Court will instruct the jury that if any variation exists between the tapes and the transcripts, that they should rely upon the tapes. *See United States v. Breland,* 356 F.3d 787, 795 (7th Cir. 2004). The Government also seeks to include the names of the speakers on the transcripts, based upon the lay testimony of a witness familiar with their voices. Finally, the Government requests that the jury be allowed to use the admitted transcripts in their deliberations. In *Breland*, the Seventh Circuit approved the procedures requested by the Government. Accordingly, the Government's requests are **granted**.

### III. CONCLUSION

For the reasons stated above, the requests in the Government's Motion in *Limine* ([Filing No. 994](#)) for pretrial determination concerning the designation of expert witnesses during trial; the preclusion of references by Bennett on possible penalties; and the admission of wiretap transcripts are conditionally **GRANTED**. The Government's request to admit evidence of Bennett's prior convictions as appropriate cross-examination under Rule 609 is **TAKEN UNDER ADVISEMENT**.

**SO ORDERED.**

Date: 9/6/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adrian Bennett, USM #15487-028
Grayson County Detention Center
320 Shaw Station
Leitchfield, Kentucky  42754

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

John T. Tennyson
TENNYSON WIGGINGTON PLLC
jtennyson@nashville-law.com

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov